# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

McMANUS v. FUERST-FRIEDMAN CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8555. Decided June 11, 1928.

Syllabus by Editorial Staff.

ACTIONS—Debtor & Creditor (210 R2)
(10 B) Release, freely and voluntarily given is, in absence of fraud, full and complete defense to action to recover money claimed to have been embezzled.

Error to Common Pleas.

Judgment reversed.

M. W. Vickery, Cleveland, for McManus.

Geiger & Williams, Cleveland, for Fuerst-Friedman Co.

### STATEMENT OF FACTS.

The action was instituted in the Court of Common Pleas by The Fuerst-Friedman Company, defendant in error, plaintiff below, hereinafter referred to as the plaintiff, against Margaret McManus, plaintiff in error, defendant below, hereinafter referred to as the defendant, to recover from the defendant approximately $8000.00 claimed to have been wrongfully converted or embezzled by the defendant while she was an employe of the plaintiff as a bookkeeper. The answer filed by the defendant denies the converting or embezzling of the money, and sets up as a second defense a release executed by the plaintiff company to the defendant dated January 16, 1925, after the defendant had left the employ of the plaintiff, and after the events complained of in plaintiff's petition. To this answer a reply in the nature of a general denial was filed by the plaintiff, and upon these pleadings the case was tried.

The evidence discloses that the defendant was in the employ of the plaintiff from some time in October, 1923, until January, 1925, and after the defendant left the employ of plaintiff company, a new bookkeeper examined the books which apparently had been kept by the defendant, and that in the accounts entered there were checks that did not correspond with the accounts banked, kept by the bank bookkeeper, with reference to the deposits and withdrawals of the plaintiff company in the bank. That the total amount of these discrepancies according to the figures compiled by the bookkeeper of the plaintiff company, was in the sum of $8005.85. That on or about January 13, 1925, plaintiff in error was charged with a discrepancy in her accounts and the sum of $2464.35 was agreed upon as the amount that should be paid by the defendant to the plaintiff in settlement of their claim against her,

and it was agreed that the payments should be made as follows: $1000.00 in cash, and the balance by giving two notes, one for $764.35 and the other one for $700.00, and thereupon the release known as "Defendant's Exhibit 1" was executed by Mr. Gross and Mr. Friedman, President and Secretary of the plaintiff Company.

The release referred to was introduced in evidence by the defendant. The fact that plaintiff in error had embezzled any such sum of money was denied by the defendant. Upon this evidence, the verdict was rendered for plaintiff in the sum of $8005.35. A motion for a new trial was filed and thereafter overruled by the court.

The petition in error in this case sets up several grounds of alleged error, but the only error complained of and urged in the argument of this case is on the question of the force and effect of the release, or in other words, "Does the release discharge the plaintiff in error from any legal liability, or is it a bar to this action?" The release mentioned in this case, the record shows, was duly executed and delivered by The Fuerst-Friedman Co. to Margaret McManus, which release states as follows:

"* * does hereby release, satisfy and discharge from any and all claim which it has or ought to have or may have against said Margaret McManus in any manner growing out of said mistakes or errors and that all matters in dispute and controversy in regard to the said accounts, mistakes, errors, etc., be hereby forever satisfied and discharged."

This language following a premise in said release, reads as follows:

"Whereas M. A. McManus has been employed by the Fuerst-Friedman Co. as a bookkeeper for substantially two years last past and certain errors and mistakes have occurred in the keeping of the books of said company by Miss McManus, etc."

At the close of the plaintiff's testimony a motion was made by the plaintiff in error to direct a verdict, and at the close of defendant's testimony, a like motion was made to direct a verdict for defendant in the court below.

LEMERT, J.

In view of this release can the defendant in error maintain an action against the plaintiff in error, Margaret McManus?

We find from the record in this case that the release in question was freely and voluntarily given by the defendant in error and that the record is silent as to the same having been procured by any fraud of any kind or description and that said release is a full and complete defense.

Citing 78 OS. 200; 4 Ohio Ap. 390; 7 Ohio Ap. Rep. 53; 11 Ohio Ap. 122; 12 Ohio Ap. 46; 114 OS. 76.

We therefore find and hold that the motion in the court below to direct a verdict for plaintiff in error, was well taken and the same should have been sustained, and the refusal of the court below to sustain said motion was prejudicial to the rights of plaintiff in error.

Therefore it follows that the judgment of the lower court is hereby reversed and final judgment entered herein for plaintiff in error. (Houck, J. and Lloyd, J., concur.)